THE PUTNAM-HOOKER COMPANY, Respondent, *v.* EDWARD HYMAN, Trading and Doing Business under the Name of " IRON CLAD OVERALL COMPANY," Defendant, Impleaded with IRON CLAD OVERALL COMPANY, INC., Appellant.

First Department, December 28, 1922.

Sales — action by seller to recover damages — pleadings — complaint alleged tender of part of goods and refusal to accept, notice of cancellation by buyer of entire contract and general damages without alleging theory of damages — complaint cannot be sustained under either section 145 or 146 of Personal Property Law.

The complaint in an action by a seller of goods against the buyer does not state a cause of action under either section 145 or 146 of the Personal Property Law, which alleges a tender of a part of the goods to the buyer and its refusal to accept them, that thereafter the buyer notified the seller in writing that it canceled the entire contract and would refuse to accept and pay for the goods and which alleges general damages without specifying whether the damages represent the purchase price of the entire order or whether they are computed on some other theory.

A cause of action is not stated under section 146 of the Personal Property Law since there was no allegation of the election by the seller to rescind the contract on the refusal of the buyer to accept the goods, and a cause of action is not stated under section 145 of the Personal Property Law since only a part of the goods were tendered and refused.

Furthermore there are no allegations as to the facts on which the damages are claimed nor of the basis upon which they are computed under the provisions of section 145 of the Personal Property Law in so far as the action is one for a wrongful refusal by the buyer to accept and pay for the goods tendered.

APPEAL by the defendant, Iron Clad Overall Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of July, 1922, granting plaintiff's motion for judgment on the pleadings as to the first, second, third and

fourth causes of action set forth in the complaint, to which said defendant had interposed demurrers.

*Guggenheimer, Strasser & Meyer* [*Charles H. Meyer* of counsel; *Jay C. Guggenheimer* with him on the brief], for the appellant.

*Travis, Spence & Hopkins* [*Kenneth M. Spence* of counsel; *Gardner P. Lloyd* with him on the brief], for the respondent.

DOWLING, J.:

This is an appeal from an order granting the motion of the plaintiff for a judgment on the pleadings in favor of the plaintiff and overruling the demurrers interposed by the defendant Iron Clad Overall Company, Inc., to the first, second, third and fourth causes of action alleged in the third amended complaint, and denying the cross motion of the defendant Iron Clad Overall Company, Inc., for an order sustaining said demurrers. The action was originally brought in April, 1921, against Edward Hyman and Iron Clad Overall Company, Inc., but plaintiff subsequently permitted Hyman to enter judgment in his favor, so that Iron Clad Overall Company, Inc., the appellant, is now the sole party defendant.

The third amended complaint contains six causes of action. The defendant Iron Clad Overall Company has answered the fifth and sixth causes of action, and the sufficiency of the first four causes of action only is at issue on this appeal. The first, second and fourth causes of action are based on separate contracts but are precisely similar in nature.

The complaint alleges for the first cause of action (which is typical of the second and fourth causes of action as well) that on or about the 10th day of March, 1920, the plaintiff and one Edward Hyman entered into an agreement whereby the plaintiff agreed to sell to the said Hyman and the said Hyman agreed to purchase nine bales of cotton goods at the price of thirty-eight cents per yard; three bales of said cotton goods to be delivered in each month during the months of July, August and September, 1920; that on or about the 15th day of May, 1920, the said Hyman transferred to Iron Clad Overall Company, Inc. (hereinafter referred to as the defendant) the business carried on and conducted by him under the trade name of Iron Clad Overall Company and all of his property and assets employed and used by him in connection with the carrying on of the said business, and that, in consideration thereof, the defendant assumed all contracts, agreements, obligations, liabilities and debts of said Hyman, including the agreement between said Hyman and the plaintiff above referred to for the sale and purchase of cotton goods; that on or about the twenty-

First Department, December, 1922.          [Vol. 204

eighth day of June plaintiff and defendant agreed that the three bales of goods to be delivered during August should be delivered during September, 1920, and that on or about the 12th day of July, 1920, plaintiff delivered three bales of said cotton goods to the defendant, which paid the agreed price therefor; that on or about the 14th day of September, 1920, plaintiff tendered three bales of said cotton goods to the defendant, and demanded that it accept and pay for the same; that the defendant wrongfully refused to accept said goods or any part thereof or to pay for said cotton goods or any part thereof; that on or about the 15th day of September, 1920, the defendant notified the plaintiff that it canceled the agreement above referred to, which it had assumed, and that it would not accept from the plaintiff the remaining six bales of cotton goods, or any part thereof, or pay therefor, and refused to accept and pay for the same; that the plaintiff duly performed all the conditions of said agreement on its part to be performed and was at all times ready, willing and able to perform the said agreement and that by reason of the aforesaid facts the plaintiff has been damaged by the defendant in the sum of $1,904. There is nothing pleaded to indicate whether this represents the purchase price of the six bales or damages computed on some other theory.

It will thus be seen that in these three causes of action plaintiff has joined allegations of a due tender of part of the goods contracted to be sold (which part defendant wrongfully refused to receive and pay for) with allegations of an anticipatory breach as to the remainder of the whole contract still undelivered (including the part tendered). The plaintiff has not brought itself within the provision of section 146 of the Personal Property Law (as added by Laws of 1911, chap. 571) for it has given no notice of its election to rescind the contract. So that upon the allegations of the complaint it could not recover damages upon any theory of a total rescission, which theory, however, it disavows as its basis of recovery herein. Its right to recover, therefore, must depend upon the provisions of section 145 of the Personal Property Law (as added by Laws of 1911, chap. 571), which apply where the buyer "wrongfully neglects or refuses to accept and pay for the goods," in which case "the seller may maintain an action against him for damages for nonacceptance." But this only applies to a portion of the goods still remaining undelivered under the contracts. For in the first cause of action only three bales out of six were tendered to defendant; in the fourth two out of eight; under the second cause of action none was tendered after two bales were delivered and paid for, so that the cause of action is clearly one for an anticipatory breach as to the remaining two bales.

Furthermore, under these three causes of action there are no allegations as to the facts on which the damages are claimed, nor of the basis upon which they are computed under the provisions of section 145, in so far as the action is one for a wrongful refusal by the buyer to accept and pay for goods tendered.

The third cause of action is for goods actually delivered to defendant and for which it agreed to pay, under the terms of another contract, and the objections raised by defendant against the same are without force.

The order appealed from should, therefore, be modified by sustaining the demurrer to the first, second and fourth causes of action, and by overruling the demurrer to the third cause of action, with ten dollars costs and disbursements to appellant, with leave to plaintiff upon payment of said costs to serve an amended complaint as to said first, second and fourth causes of action and with leave to defendant to answer said third cause of action.

CLARKE, P. J., MERRELL, GREENBAUM and FINCH, JJ., concur.

Order modified as stated in opinion and as so modified affirmed, with ten dollars costs and disbursements to the appellant, with leave to plaintiff upon payment of said costs to serve an amended complaint as to the first, second and fourth causes of action and with leave to defendant to answer the third cause of action.